IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTA F. HARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 25-1090-CFC |
| | ) |
| OFFICER GLIEM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Roberta F. Harden, of Claymont, Delaware, moved for leave to proceed *in forma pauperis* and filed a complaint *pro se* in the above-captioned civil action. (D.I. 1; D.I. 2.) This Court subsequently granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 4.)

As such, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The complaint asserts Fourth Amendment claims arising from a May 4, 2023 arrest by Officer Gliem in Wilmington. (*See* D.I. 2 at 4, 9.) The complaint fails to state a claim for several reasons. First, absent tolling, any federal civil rights claim under 42 U.S.C. § 1983, arising from facts alleged to occur prior to August 29, 2023, are time barred in this case. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) (acknowledging that § 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the suit is brought); *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (stating that the statute of limitations for Delaware personal injury claims is two years from the date the cause of action accrued, absent tolling).

Second, the complaint names the City of Wilmington as a defendant, but a municipal defendant can only be liable for federal civil rights violations when constitutional injuries result from the implementation or execution of officially adopted policies or informally adopted customs. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)). The complaint includes no such allegations. (*See* D.I. 2.)

Third, "[t]o state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680

2

(3d Cir. 2012). Yet the allegations in the complaint do not amount to more than unsupported assertions and legal conclusions, and this Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

Based on the foregoing, the complaint will be dismissed for failure to state a claim upon which this Court may grant relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Absent a basis for equitable tolling, amendment is futile. Plaintiff will be afforded one opportunity to cure the deficiencies discussed above and state a claim in an amended complaint.

THEREFORE, on this 10 day of November 2025, it is HEREBY ORDERED that the complaint (D.I. 2) is **DISMISSED** without prejudice to filing an amended complaint in accordance with this Order **on or before December 10, 2025**.

_____
Chief Judge